# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 10-126 |
| Plaintiff, | : | |
| v. | : | |
| ERNEST MUNOZ, | : | CIVIL NO. 12-4917 |
| Defendant. | : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                           January 16, 2013

Presently before the Court is Defendant Ernest Munoz's ("Munoz") "Motion Under § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody", and Plaintiff, United States of America's ("Government"), Response in Opposition. For the reasons set forth below, Munoz's Motion is denied.

**I.     BACKGROUND**

On March 4, 2010, a grand jury returned a twelve-count indictment against Munoz charging him with conspiracy, wire fraud, mail fraud and interstate transportation of stolen property.[1] (Doc. 53.) These charges stemmed from the theft and online resale by Munoz of more than 23,000 audiobooks with sales estimated at $920,000 during a seven-year period. (Id.) Subsequently, on January 25, 2011, Munoz entered an open guilty plea on each count of the indictment and was ordered by this Court to serve a sentence of forty months incarceration to be

---

[1] Specifically, Munoz was charged under the following statutes: 18 U.S.C. § 371 (conspiracy); 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. § 1341 (mail fraud); and 18 U.S.C. § 2314 (interstate transportation of stolen property).

followed by three years of supervised release. (Id.) At sentencing, this Court ordered Munoz to report to federal custody to begin serving his sentence on June 21, 2011. (Id.)

On May 17, 2011, Munoz, through his attorney, W. Chris Montoya, Esq., filed a timely notice of appeal. (Doc. No. 55.) Munoz's brief was due to be filed with the Court of Appeals for the Third Circuit ("Third Circuit") on July 14, 2011. (Id.)

Munoz did not report to federal custody on June 21, 2011, as ordered by this Court. (Id.) Consequently, two days later, the Government's motion for a bench warrant was granted, and a warrant was issued for Munoz's arrest. (Doc. 44.)

On July 13, 2011, one day before Munoz's appeal brief was due, the Government filed a motion to dismiss Munoz's appeal due to his fugitive status. (Doc. 55.) On the following day, Munoz's counsel filed an appeal brief arguing that there were two errors at sentencing: (1) in calculating the loss amount, and (2) in applying a two-level enhancement for mass marketing. (Id.) On August 10, 2011, the Third Circuit dismissed Munoz's appeal. (Id.)

Munoz was apprehended on October 26, 2011, at his residence in Stroudsburg, Pennsylvania. (Id.) Since this date, Munoz has been in federal custody serving the sentence imposed by this Court. (Id.)

On September 28, 2012, Munoz filed the current motion under 28 U.S.C. § 2255 ("§ 2255") to vacate, set aside or correct the sentence imposed on him by this Court. (Doc. 53.) On December 10, 2012, the Government filed a response in opposition to this motion. (Doc. 55.) We now proceed to address Munoz's claims.

## II. STANDARD OF REVIEW

Under § 2255, Munoz is entitled to relief only if his custody or sentence violate federal law or the Constitution. This statute provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

A district court has discretion in determining whether to hold an evidentiary hearing on a habeas petition under § 2255. See Gov't of the V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In exercising this discretion, the court must first determine whether the Petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. See Gov't of the V.I. v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)).

## III. DISCUSSION

In this case, Munoz attacks his sentence under § 2255 by raising a claim for ineffective assistance of counsel. As will be explained later in this Memorandum Opinion, Munoz's claims and one time fugitive status implicate a precept known as the fugitive disentitlement doctrine. We proceed to discuss these issues as follows.

### A. Ineffective Assistance of Counsel

The right of a criminal defendant to the effective assistance of counsel derives from the Sixth Amendment. U.S. Const. Amend. VI. The United States Supreme Court ("Supreme Court") has interpreted the Sixth Amendment to guarantee the right to effective counsel. McNeil v. Cuyler, 782 F.2d 443, 447 (3d Cir. 1986) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. For a movant to succeed on such a claim, he or she must demonstrate that (1) their lawyer's representation did not meet an objective standard of reasonableness that is required of attorneys in criminal cases, and (2) that they were prejudiced by their attorney's failure. Strickland, 466 U.S. at 687. Courts have consistently held that "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 130 S.Ct. 1473, 1485 (2010); see also Strickland, 466 U.S. at 689 ("judicial scrutiny of counsel's performance must be highly deferential").

In the absence of a showing of prejudice by the movant, courts are not required to consider whether counsel's performance was negligent. Id. at 700. Thus, the necessity to show prejudice stands at the threshold of a successful ineffective assistance of counsel claim. To show prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. This requires a "substantial, not just conceivable, likelihood of a different result." Ross v. Dist. Attorney of the Cnty. of Allegheny, 672 F.3d 198, 210 (3d Cir. 2012) (quoting Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011)).

Munoz contends that he should be granted re-sentencing because his attorney provided constitutionally deficient assistance of counsel. Specifically, Munoz argues that his counsel erred by neglecting to take the following three actions: (1) failing to file a motion to stay the appeal until his recapture, (2) failing to seek reinstatement of his appeal, and (3) failing to petition the Third Circuit to reconsider the dismissal of his claims.

The Supreme Court in Strickland directed courts to "resolve cases wherever possible on grounds of prejudice, so that the ineffective assistance claims do not become unduly burdensome to defense counsel." McNeil, 782 F.2d at 449 (citing Strickland, 466 U.S. at 696). Accordingly, we proceed along this course.

Munoz bears the burden of showing that he was prejudiced by the acts of his counsel. Strickland, 466 U.S. at 696. In light of the high level of deference afforded counsel in ineffective assistance claims, we find that Munoz fails to adequately demonstrate the required showing of prejudice. See Padilla, 130 S.Ct. at 1485; Strickland, 466 U.S. at 689. Specifically, Munoz fails to show any "reasonable probability" that without the alleged errors of counsel "the proceedings would have been different." Strickland, 466 U.S. at 694. In fact, we find to the contrary. Even if Munoz's counsel had filed the motion from which his ineffective assistance claims arise, two problems exist that negate any "reasonable probability" other than the dismissal of his claims. First, Munoz's fugitive status implicates the fugitive disentitlement doctrine, which grants courts the discretion to dismiss the movant's appeals. As will be discussed infra, this Circuit has a longstanding tradition of invoking this doctrine to dismiss a fugitive's claims with prejudice. See Maydak v. U.S. Dept. Of Educ., 150 Fed. App'x 136, 138 (3d Cir. 2005); United States v. Wright, 902 F.2d 241, 243 (3d Cir. 1990). Second, Munoz neglects to demonstrate any duty

5

owed by his court appointed appellate attorney to him after the dismissal of his appeal.

The fugitive disentitlement doctrine is an equitable rule that allows a trial or appellate court to limit a fugitive's access to civil and criminal courts. Black's Law Dictionary (9th ed. 2009). The Supreme Court has "consistently and unequivocally approve[d] dismissal as an appropriate sanction when a prisoner is a fugitive during the ongoing appellate process." United States v. Ladner, 226 Fed. App'x 250, 252 (3d Cir. 2007) (quoting Ortega-Rodriguez v. U.S., 507 U.S. 234, 242 (1993)). In Molinaro, the Supreme Court summed up the fugitive disentitlement doctrine in stating:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

Molinaro v. New Jersey, 396 U.S. 365, 366 (1970).

The Third Circuit, noting the discretionary powers of courts to hear such cases, has regularly cited the fugitive disentitlement doctrine in dismissing the appeals of those absconding the law. We find support for this proposition from the following cases decided within this Circuit.

In United States v. Wright, 902 F.2d 241 (3d Cir. 1990), the defendant became a fugitive while at trial, and was convicted and sentenced during his absence. Defendant's attorney filed an appeal while he was still a fugitive and without his knowledge. Id. at 242. The Court declined to exercise its discretion to hear the appeal and dismissed the appeal with prejudice asserting

"[A]lthough some courts of appeals have dismissed appeals in similar circumstances conditionally, subject to reinstatement if petitioner surrenders or is apprehended within a specified time, that has not been our practice and we will not depart from our precedent today." Id. at 243.

In United States v. Martinez, No. 88-483-03, 1995 WL 116670 (E.D. Pa. Mar. 17, 1995), a case that bears factual similarity to our case, the Court was tasked with deciding whether counsel was ineffective for failing to request a postponement while the defendant was a fugitive. In this case, the defendant, who failed to appear at sentencing and became a fugitive, filed an appeal under § 2255 claiming ineffective assistance of counsel. The Court found that even if defendant's counsel had requested a postponement, it would have refused to exercise its discretion to hear the appeal and instead dismiss it due to defendant's fugitive status. Id. at *2. Thus, the Court found that the defendant could not demonstrate that he was prejudiced in any way by his counsel's failure to request a postponement. Id. The Court concluded that "[b]ecause the motion, files and records show conclusively that Martinez cannot prevail on his § 2255 motion, it will be dismissed without a hearing." Id.; see also Ali v. Sims, 788 F.2d 954 (3d Cir. 1986).

In United States v. Son Than Le, No. 02-689, 2003 WL 2227148 (E.D. Pa. July 30, 2003), the defendant fled the law while at trial. While still a fugitive, he was found guilty and his trial counsel filed a motion for judgment of acquittal or for a new trial. Id. at *2. The Court, citing the fugitive disentitlement doctrine and its "authority to defend its own dignity, by sanctioning an act of defiance that occurred solely within its domain," refused to hear the claims and dismissed the motion. Id. at *3 (quoting Ortega-Rodriguez, 507 U.S. at 246).

7

In Maydak v. U.S. Dept. of Educ., 150 Fed. App'x 136 (3d Cir. 2005), the Third Circuit was tasked with reviewing the dismissal with prejudice of a fugitive's civil action. The Court citing the inherent authority of a court under the fugitive disentitlement doctrine to dismiss the action affirmed the dismissal. Id. at 138. Particular emphasis was placed by the Court on the district court's assertion that plaintiff exhibited "contemptuous disrespect" in evading the law. Id. at 137.

Finally, in United States v. Ladner, 226 Fed. App'x 250 (3d Cir. 2007), the Third Circuit refused to hear the appeal of a defendant, who failed to surrender to serve his sentence and was still a fugitive at the time of appeal. The Court emphatically stated, "We will not permit Ladner to thumb his nose at justice and to remain a fugitive while we hear his appeal . . . we recognize the possibility that our judgment may never be enforced, and the importance of deterring similar behavior in other defendants who have undertaken appeals." Id. at 253.

Molinaro and its progeny illustrate a uniform reluctance by the judiciary to hear the appeals of those who choose to become fugitives from the law. Molinaro, 396 U.S. at 366. The Third Circuit summed up the rationale behind these decisions in declaring:

> [T]he articulated basis of Molinaro is that the fugitive from justice has demonstrated such disrespect for the legal processes that he has no right to call upon the court to adjudicate his claim. Practical concerns are congruent with this consideration. Particularly in this age of overcrowded dockets and court backlogs, it is unreasonable to expect a court to expend its scarce resources on one who has blatantly disregarded the court's procedures.

Ali, 788 F.3d at 959.

In light of these decisions and because the Third Circuit previously dismissed the appeal

of the fugitive Defendant, it logically follows that Munoz's counsel's performance could not be deficient for failing to file additional motions that the Third Circuit would have likewise dismissed. Munoz deliberately disregarded our Order that he report to federal custody and became a fugitive from the law. He admits that the Third Circuit was "entirely justified in its dismissal of Mr. Munoz's appeal pursuant to the fugitive disentitlement doctrine." (Doc. 53 at 21.) He offers no justification for his disobedience, but instead asserts that his counsel was ineffective for not petitioning the Court for a stay until he was returned to custody. However, such a petition would have been fruitless. See Martinez, 1995 WL 116670, at *2 (no showing of prejudice where court asserted they would have denied counsel's motion for stay while he was a fugitive if filed pursuant to their inherent power under the fugitive disentitlement doctrine). We are persuaded by the long line of decisions refusing to utilize a court's discretion to hear the appeals of those who "thumb their nose at justice" by absconding from the law. Ladner, 226 Fed. App'x at 253.

Additionally, Munoz claims his counsel was ineffective for not seeking the reinstatement of his appeal or petitioning the Third Circuit to reconsider his appeal after his capture. These claims also lack merit. Munoz's counsel was appointed to represent him at his appeal. (See Doc. 42.) We find counsel did so adequately, and his services were terminated when the Court of Appeals dismissed Munoz's appeal while he was still a fugitive. Thus, at the time of his capture (which occurred after the dismissal of his appeal), Munoz was no longer represented by counsel. Therefore, Munoz is barred from raising any ineffective assistance of counsel claims after the dismissal of his appeal. Munoz offers no cases in discord with this finding and our own research fails to present any. Furthermore, even if there is some obligation retained by Munoz's counsel

9

after the dismissal, Munoz fails to surmount the "high bar" necessary to succeed on an ineffective assistance of counsel claim. We find that Munoz has not demonstrated that without the alleged errors of his counsel there is a "substantial, not just conceivable, likelihood of a different result." Ross, 672 F.3d at 210 (quoting Cullen, 131 S.Ct. at 1403). Consequently, Munoz does not set forth a valid claim.

### B. Evidentiary Hearing

Under § 2255, a prisoner is entitled to a hearing to determine the issues and make findings of fact and conclusions of law unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to any relief. 28 U.S.C. § 2255(b); see also Weatherwax, 20 F.3d at 574. Since the motion, files and records show conclusively that Munoz cannot prevail on his § 2255 motion, the motion is dismissed without a hearing. See Martinez, 1995 WL 116670, at *2 (factually similar action where the Court dismissed prisoner's appeals pursuant to the fugitive disentitlement doctrine and denied a § 2255 hearing).

## IV. CONCLUSION

The jurisprudence cited within this Opinion exhibits the longstanding notion that those who evade the legal system should not be permitted to use the same system they have disregarded to their advantage. We dismiss this action in conformity with these decisions and the overall intent of the fugitive disentitlement doctrine. It is the practice of courts within this Circuit to dismiss a fugitive litigant's claims with prejudice, and we find no reason to stray from these decisions. Wright, 902 F.2d 241, 243 (3d Cir. 1990); Ali, 788 F.2d at 959. Consequently, Munoz's claims are dismissed with prejudice.

An appropriate Order follows.